# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

K.B., *by his mother*, *Nakreisha McFarland*, and NAKREISHA MCFARLAND,

        Plaintiffs,

v.

RACINE UNIFIED SCHOOL DISTRICT,

        Defendant.

Case No. 19-CV-28-JPS

**ORDER**

The caption of this case originally suggested that there was one plaintiff, K.B., a minor child who was being represented by his mother, Nakreisha McFarland ("McFarland"). This is not correct. McFarland attempts to raise claims on K.B.'s behalf under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, as well as her own claims under the IDEA. (Docket #1). Though this action was filed by counsel, he soon withdrew from representing K.B. and McFarland. (Docket #2 and #8). Plaintiffs have not secured the services of another attorney in the ten months since their prior attorney withdrew. Defendant Racine Unified School District (the "District") has now moved for summary judgment with respect to all of the claims presented, (Docket #29), and Plaintiffs also seek summary judgment as part of their opposition to the District's motion, (Docket #46).

Before delving into the motions, the Court begins with a bit of background on the IDEA:

> The IDEA (and predecessor statutes) created a federal grant program to assist state and local agencies in educating

disabled children. To receive funds, states must provide the children with the opportunity for a "free appropriate public education," or—because the situation calls out for another acronym—a FAPE. Each student must be offered special education and related services under an [individualized education program ("IEP")]. In *Board of Education v. Rowley*, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982), the court set out a method for determining whether a school district has provided a FAPE: courts must ask whether the IEP is reasonably calculated to enable the child to receive an educational benefit and whether the district complied with the proper procedures for drafting the IEP.

*Evanston Comm. Consolidated Sch. Dist. No. 65 v. Michael M.*, 356 F.3d 798, 801–02 (7th Cir. 2004). Though the parties have invoked Rule 56 in seeking summary judgment, the *Evanston* court explains that the usual summary judgment procedure is not applicable here:

> In *Heather S. v. State of Wisconsin*, 125 F.3d 1045, 1052 (7th Cir. 1997), we discussed guidelines for district courts considering IDEA cases and noted that the standard of review "differs from that governing the typical review of summary judgment." The IDEA says that the district court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2). So the court can take new evidence in addition to receiving and reviewing the administrative record. But when no new evidence is offered—as here—the cases are decided on summary judgment, which is the procedural vehicle for asking the judge to decide the case on the basis of the administrative record. *Hunger v. Leininger*, 15 F.3d 664 (7th Cir. 1994). Even though it is grounded on an administrative record, the decision must be based on a preponderance of the evidence, and the person challenging the decision of the agency bears the burden of proof. The district court must give "due weight" to the results of the administrative proceedings and must not substitute its "notions of sound educational

policy" for those of the school district. *Heather S.*, 125 F.3d at 1053 (quoting *Rowley*). As *Rowley* pointed out, courts lack the specialized knowledge to resolve issues of educational policy. Once the school district has met the *Rowley* requirements, it has done enough. School districts are not required to do more than to provide a program reasonably calculated to be of educational benefit to the child; they are not required to educate the child to his or her highest potential. *Bd. of Educ. of Murphysboro Cmty. Unit Sch. Dist. No. 186 v. Illinois State Bd. of Educ.*, 41 F.3d 1162 (7th Cir. 1994).

*Id.* at 802.

On to a brief recitation of the facts and procedural history of the case. K.B. is a profoundly disabled child who suffers from a neurological disease similar to muscular dystrophy. He is wheelchair-bound, uses a gastronomy tube and a diaper, and has developmental impairments. During the 2017-18 school year, he attended school in the District. The District implemented no less than five IEPs to help provide K.B. with an appropriate education. These plans offered many different types of assistance, including increased requirements for staff training in dealing with K.B.'s needs, therapy, community experiences, and one-on-one supervision throughout the school day.

Plaintiffs, unsatisfied with the District's efforts, filed an action in state court in September 2018 seeking a due process hearing pursuant to Wisconsin statutory law, and alleging that the District violated the IDEA. Plaintiffs claimed that the District denied K.B. a FAPE by providing substandard care and educational services. They also argued that the District failed to appropriately communicate with McFarland about how K.B.'s needs were being addressed. On December 3, 2018, the hearing officer dismissed Plaintiffs' claims, finding no violations of the IDEA.

(Docket #1-1). On January 4, 2019, Plaintiffs filed the instant action, which functions as an appeal of that dismissal.

The Court now turns to an assessment of the parties' motions, beginning with the District's motion. The District argues, and the Court agrees, that all of K.B.'s claims, which form the bulk of Plaintiffs' case, must be dismissed without consideration of their merits. A nonlawyer is prohibited from representing another person in court proceedings, even as between a parent and their minor child. *Foster v. Bd. of Educ. of City of Chi.*, 611 F. App'x 874, 877 (7th Cir. 2015) (stating proposition in the context of an IDEA case). Plaintiffs no longer have legal representation, and McFarland cannot represent her son on her own. K.B.'s claims must be dismissed without prejudice.

While most of the IDEA's protections focus on children, the parents of an affected child are afforded certain limited procedural rights. *Stanek v. St. Charles Comm. Unit Sch. Dist. No. 303*, 783 F.3d 634, 642 (7th Cir. 2015); 20 U.S.C. § 1415(a) & (b). As they argued in the due process action, Plaintiffs here contend that the District "denied K.B. a [FAPE] through procedural violations, including a failure to communicate with his parents." (Docket #1 at 3). This rather non-specific statement was not much clarified in McFarland's discovery responses, wherein she complained of the following:

> Did not participate in any training with staff – wasn't allowed[;]
>
> No fair mediation process[;]
>
> Only discuss doctor notes, letters but never implemented in his IEP's[;]
>
> Dur Process wasn't done correctly[;] [and]
>
> No (IEE) Independent Education Evaluation[.]

(Docket #33-4 at 4). Plaintiffs' legal brief is of no help either, as it does not contain *any* legal argument discussing whether these alleged deficiencies violated McFarland's IDEA rights. *See generally* (Docket #46). It merely relates McFarland's amorphous belief that the District "never gave me the opportunity to participate in the decision-making process regarding the provision of FAPE which caused a deprivation of [K.B.'s] education benefit." *Id.* at 5.

Without meaningful argument from Plaintiff to the contrary, the Court agrees with the District that McFarland was afforded adequate process which complied with the IDEA. Or, more accurately, McFarland has not carried her burden to establish that the hearing officer's decision on this point should be overturned. Department of Education regulations provide that McFarland may sustain a claim for a violation of her IDEA procedural rights only if the District "[s]ignificantly impeded [her] opportunity to participate in the decision-making process regarding the provision of a FAPE[.]" 34 C.F.R. 300.513(a)(2)(ii).

The undisputed evidence establishes that McFarland did have the requisite "active and meaningful role in the development or modification of [K.B.'s] IEP." *Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Ross*, 486 F.3d 267, 274 (7th Cir. 2007). She participated in every one of the IEP meetings, during which some of her recommendations were adopted, and she admits that she generally had good communication with school staff. To the extent McFarland complains that the District did not indulge every one of her requests in the IEP development process, the IDEA does not require such deference to parents. *Brad K. v. Bd. of Educ. of City of Chi.*, 787 F. Supp. 2d 734, 744 (N.D. Ill. 2011) ("The key in the IDEA 'procedural violation' cases centers on the loss of educational opportunity or the loss of an opportunity

to participate in the process, neither of which is the case here. The IEP does not need to conform to the parents' wishes in order to be deemed sufficient or appropriate.") (citations omitted) (quoting the hearing officer's decision underlying the district court case); *see also* (Docket #1-1 at 6) (hearing officer's decision discussing McFarland's procedural violation claim). McFarland's claims will be dismissed with prejudice.

In light of the foregoing, the Court must grant the District's motion, uphold the hearing officer's decision below, and dismiss all of Plaintiffs' claims. This ruling moots Plaintiffs' own motion for summary judgment. The court will also grant the District's motion to restrict certain evidence it presented in conjunction with its motion for summary judgment. (Docket #56).

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (Docket #29) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff K.B.'s claims in this matter be and the same are hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff Nakreisha McFarland's claims in this matter be and the same are hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for summary judgment (Docket #46) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendant's motion to restrict (Docket #56) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED.**

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge